**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4454**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JERMAINE JOHNSON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:06-cr-00006-BEL-1)

Submitted:  December 1, 2010       Decided:  December 17, 2010

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore,
Maryland, for Appellant.   Albert David Copperthite, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Jermaine Johnson pled guilty to one count of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a) (2006). After determining Johnson qualified for the career offender enhancement pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2006), the district court sentenced Johnson to 168 months' imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that this court should affirm the district court's judgment, but explaining that Johnson wishes to question the reasonableness of his sentence. Counsel has also moved to withdraw from further representation of Johnson. Johnson has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Because we conclude the district court committed no reversible error in this case, we affirm its judgment.

This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers

whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record "an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Finally, this court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence imposed is within the appropriate Guidelines range, this court considers it on appeal to be presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). This presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Johnson's argument that his classification as a career offender overrepresents the seriousness of his offense has no

merit in light of his robust criminal history. Furthermore, Johnson cannot benefit from Amendment 706 to the United States Sentencing Guidelines because his sentence was based on his career offender status rather than the quantity of cocaine attributable to him. See United States v. Munn, 595 F.3d 183, 188 (4th Cir. 2010) (A sentence may not be reduced pursuant to "Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision."). Thus, we conclude the district court properly calculated Johnson's Guidelines range. The record also establishes that the district court provided an individualized analysis of the § 3553(a) factors as they applied to Johnson's circumstances and analyzed the arguments presented by the parties. Accordingly, we conclude Johnson's within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. At this juncture, we also deny counsel's motion to withdraw from further representation of Johnson. Rather, this court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

4

in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED